## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  13 B 04747 |
| **CIRCLE FAMILY HEALTHCARE** | ) | Honorable A. Benjamin Goldgar |
| **NETWORK, an Illinois Not-For-Profit** | ) | |
| **Corporation,** | ) | Motion Date:  October 23, 2013 |
| | ) | Motion Time:  9:30 a.m. |
| Debtor. | ) | |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on October 23, 2013, at the hour of 9:30 a.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 642 at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN & CHRISTIE LLP

### AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the parties who receive notice via CM/ECF filing and those who receive notice via First Class Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on October 2, 2013.

/s/*Robert R. Benjamin*
Robert R. Benjamin

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

## SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
Via CM/ECF
Via First Class Mail

U.S. Bank, N.A.
c/o Edmond M. Burke
Chuhak & Tecson PC
30 S. Wacker Dr., 26th Fl.
Chicago, IL 60606
Via CM/ECF
Via First Class Mail

Alliance of Chicago Community Health Services
c/o Kevin C. Driscoll
Barnes & Thornburg
1 N. Wacker Dr., Ste. 4400
Chicago, IL 60606
Via CM/ECF
Via First Class Mail

TLRE, LLC
c/o Michael T. Stanley
Ordower & Ordower, P.C.
One N. LaSalle St., Ste. 1300
Chicago, IL 60602
Via CM/ECF
Via First Class Mail

Circle Urban Ministries
c/o John R. Weiss
Duane Morris LLP
190 S. LaSalle St., Ste. 3700
Chicago, IL 60603
Via CM/ECF
Via First Class Mail

NCB Capital Impact f/k/a NCB Development
Corporation
c/o Mark E. Abraham
Gould & Ratner
222 N. LaSalle St., Ste. 800
Chicago, IL 60601
Via CM/ECF
Via First Class Mail

Hampton J. Simmons, III
c/o Helena Milman
Elan Law Group
401 S. LaSalle St., Ste. 1600
Chicago, IL 60605
Via CM/ECF
Via First Class Mail

Robin Potter & Associates, P.C.
c/o Denise M. Quimby
Robin Potter & Associates PC
111 East Wacker St., Ste. 2600
Chicago, IL 60601
Via CM/ECF
Via First Class Mail

Iron Mountain Information
Management, LLC
c/o Joseph Corrigan
(Massachusetts BBO# 656426)
745 Atlantic Ave., 10th Fl.
Boston, MA 02111
Via First Class Mail

Dr. Nathalie McCammon-Chase
c/o George U. Oparanozie
Options Law Group, P.C.
123 W. Madison, Ste. 1400
Chicago, IL 60602
Via CM/ECF
Via First Class Mail

Circle Family Healthcare Network
5002 W. Madison St.
Chicago, IL 60644
Attn: Dr. Andre Hines
Via First Class Mail

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.  13 B 04747** |
| **CIRCLE FAMILY HEALTHCARE** | ) | **Honorable A. Benjamin Goldgar** |
| **NETWORK, an Illinois Not-For-Profit** | ) | |
| **Corporation,** | ) | **Motion Date:   October 23, 2013** |
| | ) | **Motion Time:  9:30 a.m.** |
| **Debtor.** | ) | |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR**

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, CIRCLE

FAMILY HEALTHCARE NETWORK, an Illinois Not-For-Profit Corporation ("Debtor"),

applies to this Court for an order approving the payment of final fees in the amount of

$50,794.00 for services rendered from May 25, 2013 to September 25, 2013 and the costs of

preparing this fee petition in the amount of $1,920.00 for a total of $52,714.00 plus expenses in

the amount of $4,973.44 and in support thereof states as follows:

**I.  JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334.

Venue is proper pursuant to 28 U.S.C. §1408 and §1409. This matter is a core proceeding

pursuant to 28 U.S.C. §157(b).

**II.  GENERAL BACKGROUND**

On February 8, 2013 (the "Petition Date"), Debtor filed a voluntary petition relief under

Chapter 11 of the United States Bankruptcy Code.

On March 6, 2013, this Court entered an order allowing the retention of Robert R.

Benjamin, Beverly A. Berneman, Barbara L. Yong, Caren A. Lederer and Anthony J.

D'Agostino as counsel for the Debtor.

On June 24, 2013, this Court awarded counsel for the Debtor interim compensation of $53,058.00 and cost reimbursement of $1,742.02.

## III. CASE STATUS

Debtor is in the business of education services, community development initiatives and providing limited health care.

Debtor sought protection under Chapter 11 due to the delay in receipt of grants and other third party payments which resulted in Debtor falling behind in wage claims and rent payments. Debtor has reduced its rental spaces and furloughed employees to permit it to pay all its current bills as they become due.   On September 25, 2013, this Court entered an Order Approving Adequacy of Amended Disclosure Statement and Confirming Amended Plan of Reorganization.

## IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.      General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.   The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988);  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2

B.      Billing Entries.   G&C uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.      Hourly Charges. G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for senior partner services; $480.00 per hour for partner time in court; $400.00 per hour for partner time in office; $275.00 to $325.00 per hour for associate time; $150.00 per hour for travel time and $120.00 per hour for paralegal time.

## V.  BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A.  COVER SHEET
### [LOCAL RULE 5082-1(A)]

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filing of this application for compensation.

**B.** **NARRATIVE SUMMARY**
*SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY*
*OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
*[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 8.10 | 3,800.00 |
| AUTST | Automatic Stay | 11.60 | 4,624.00 |
| CLM | Claims | 9.90 | 2,754.00 |
| EXC | Executory Contracts | 7.40 | 3,256.00 |
| FIN | Financing | 3.20 | 1,504.00 |
| FEE | Fee Petition | 4.00 | 1,920.00 |
| OBJ | Objection to Claims | 13.50 | 3,664.00 |
| PLAN | Plan and Disclosure Statement | 74.30 | 31,192.00 |
| **TOTAL** | | **132.00** | **52,714.00** |

**C.** **NARRATIVE SUMMARY**
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH*
*TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY*
*RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND*
*NAME AND POSITION OF EACH PROFESSIONAL*
*[Local Rules 5082-1(B)(1)(b) and (d)]*

From May 25, 2013 to September 25, 2013, the Debtor has incurred $50,794.00[1] in fees

at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in

section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each

particular activity or project and the approximate number of hours and compensation sought for

each activity:

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,920.00.

4

1.      *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 7.00 | 480.00 | $3,360.00 |
| Beverly A. Berneman (BAB) | Partner | 1.10 | 400.00 | $440.00 |
| | | 8.10 | | $3,800.00 |

**2.**    *AUTOMATIC STAY*

The activities in the category of Automatic Stay were activities which were necessary in the representation of the Debtor and enforcing the statutory protections afforded to a debtor-in-possession. Prior to the filing of the voluntary petition, a tort claim was pending against the Debtor and others. Notwithstanding the numerous notices of automatic stay sent to the Plaintiffs and their counsel, Plaintiffs continued to prosecute their claims. Debtor was forced to bring a Rule to Show Cause against Plaintiffs and their counsel before they reluctantly decided to follow the law. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor not being required to expend attorney's fees defending a state court tort action and assuring that Debtor could focus its attention on reorganizing its core business. The non-economic benefit to the Debtor was the promotion of the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | .30 | 480.00 | $144.00 |
| Beverly A. Berneman (BAB) | Partner | 11.10 | 400.00 | $4,440.00 |
| Brianna L. Golan (BLG) | Associate | 0.20 | 200.00 | $40.00 |
| | | 11.60 | | $4.624.00 |

6

**3.** *CLAIMS*

G&C attorneys advised Debtor's management team regarding wage claims of current and former employees. Counsel reviewed a post-petition filed tort claim for among other causes of action, malpractice and a complaint for wages filed by a health care provider and consulted with Debtor regarding agencies who will handle the claim. Letters regarding the automatic stay were also sent to Plaintiffs' counsel. Appearances and Answers were filed with the Illinois Department of Labor. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in that the litigation was not permitted to interfere with Debtor's ongoing operations. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.90 | 480.00 | $912.00 |
| Ashley L. Orler (ALO) | Associate | 4.40 | 255.00 | $1,122.00 |
| Brianna L. Golan (BLG) | Associate | 3.60 | 200.00 | 720.00 |
| | | 9.90 | | $2,754.00 |

7

**4.**   *EXECUTORY CONTRACTS*

G&C reviewed Debtor's executory contracts and multiple non-residential leases of real property to determine the appropriateness of assumption or rejection.  The services had an economic and a non-economic benefit to the estate.  The services had an economic benefit because the assumption of the contracts preserved valuable going concern assets of the Debtor which permitted continued operations.  The services had a non-economic benefit by promoting the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 3.70 | 480.00 | $1,776.00 |
| Beverly A. Berneman (BAB) | Partner | 3.70 | 400.00 | $1,480.00 |
| | | 7.40 | | $3,256.00 |

**5.**   *FINANCING*

G&C negotiated with Debtor's secured creditors to obtain their cooperation in the use of cash collateral.  These services benefited the estate on an economic basis by supporting Debtor's operations while it determined whether to reorganize its business or to accept an offer to sell its assets. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 2.80 | 480.00 | $1,344.00 |
| Beverly A. Berneman (BAB) | Partner | 0.40 | 400.00 | $160.00 |
| | | 3.20 | | $1,504.00 |

**6.    OBJECTIONS TO CLAIMS**

G&C prosecuted multiple objections to claims.  The Debtor's attorney obtained factual information from Debtor's management team to prepare the objections to claims.  The benefits of these services to the Debtor and its estate were both economic and non-economic.  The services had an economic benefit in reducing non-valid claims.  The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.00 | 480.00 | $480.00 |
| Beverly A. Berneman (BAB) | Partner | 3.00 | 400.00 | $1,200.00 |
| Beverly A. Berneman (BAB) | Partner | 0.30 | 480.00 | $144.00 |
| Anthony J. D'Agostino (AJD) | Associate | 0.20 | 200.00 | $40.00 |
| Brianna L. Golan (BLG) | Associate | 9.00 | 200.00 | $1,800.00 |
|  |  | 13.50 |  | $3,664.00 |

**7.    PLAN**

G&C attorneys have continued to review Debtor's financial information for the Plan.  A liquidation analysis and pro forma have been drafted, reviewed and approved by the Debtor's management team.  The Amended Plan and Amended Disclosure Statement have now been approved by this Court.  The benefits of these services to the Debtor and its estate were both economic and non-economic.  The services had an economic benefit in having approved a restructuring of Debtor's obligations so that it could continue to operate and remain current with its ongoing obligation and a proportionate payment plan for its pre-petition creditors.  The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 17.10 | 480.00 | $8,208.00 |
| Beverly A. Berneman (BAB) | Partner | 55.90 | 400.00 | $22,360.00 |
| Beverly A. Berneman (BAB) | Partner | 1.30 | 480.00 | $624.00 |
| | | 74.30 | | $31,192.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE
### APPLICATION FOR PREPARATION OF CURRENT OR
### PRIOR APPLICATION FOR COMPENSATION
### *[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has

constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in

determining the reasonableness of the fees requested. Counsel reviewed the fee entries and

conducted a "business judgment" audit to insure that the fees requested were reasonable and

necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee Petition is

attached hereto as Exhibit B.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 4.00 | 480.00 | $1,920.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION
### IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH
### PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
### *[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed

Statements of Services which were attached as Exhibits A and B to the final fee petition. The

summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 37.50 | 480.00 | 18,000.00 |
| Beverly A. Berneman (BAB) | Partner | 1.90 | 480.00 | 912.00 |
| Beverly A. Berneman (BAB) | Partner | 75.20 | 400.00 | 30,080.00 |
| Anthony J. D'Agostino (AJD) | Associate | .20 | 200.00 | 40.00 |
| Ashley L. Orler (ALO) | Associate | 4.40 | 255.00 | 1,122.00 |
| Brianna L. Golan (BLG) | Associate | 12.80 | 200.00 | 2,560.00 |
| TOTAL | | 132.00 | | $52,714.00 |

**F. NARRATIVE SUMMARY**
**STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED**
**AND PAYMENTS RECEIVED BY COUNSEL TO DATE**
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's final fee petition. G&C had previously sought compensation and reimbursement of costs with its Interim Fee Petition. An Order was entered on June 24, 2013 approving interim fees and reimbursement of expenses. Pursuant to said order, G&C has received $26,838.00 towards the interim award of $54,800.02.

Additionally, G&C is holding no retainer at this time. G&C has received no other funds post-petition from the Debtor or any other source.

**G. NARRATIVE SUMMARY**
**TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT**
**IS SOUGHT**
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $4,973.44 consisting of postage out of the ordinary course and photocopying charges.

**H.  NARRATIVE SUMMARY**
**STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES**
**ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID**
***[Local Rules 5082-1(B)]***

Counsel requests that the fees and expenses sought herein be allowed and paid.

**VI.  CERTIFICATION**

G&C certifies that it has hereby served a copy of the chronological itemization of services

rendered to the Debtor.  To date, G&C has not received an objection to the fees.

**VII.  THE VALUE OF THE SERVICES FOR WHICH**
**COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER**

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a
hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a
trustee, to an examiner, to a professional person employed under section 327 or 1003 of
this title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by
such trustee, examiner, professional person, or attorney, as the case may be, and by any
paraprofessional persons employed by such trustee, professional person, or attorney, as
the case may be based on the nature, the extent, and the value of such services, the time
spent on such services, and the cost of comparable services other than in a cases under
this title; and

(2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the

reasonableness of all fee requests, whether or not objections are filed.  *In re Spanjer Brothers,*

*Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293

(Bkrtcy.N.D.Ill. 1987).  The burden of proof is on the applicant to show that the fees incurred

were actual and necessary.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill.,

1996);  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re*

*Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C.  The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively.  Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of this case. G&C was able to accomplish a great deal directed towards aiding the Debtor in its reorganization efforts.  Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII.  OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before October 21, 2013.

## IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A.       Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.       Allowing final compensation as counsel for the Debtor in the amount of $50,794.00 for fees incurred from May 25, 2013 to September 25, 2013 plus the costs of preparing this fee petition in the amount of $1,920.00 for a total of $52,714.00;

C.       Allowing reimbursement of out of pocket expenses in the amount of $4,973.44; and

D.      Granting such other and further relief as this Court may deem just and proper.


GOLAN & CHRISTIE LLP

By:  /s/*Robert R. Benjamin*
            Robert R. Benjamin


Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 6189418)
Barbara L. Yong (ARDC # 6184000)
Caren A. Lederer (ARDC # 6244631)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, IL  60602
(312) 263-2300